STATE OF MAINE *vs*. WILLIAM A. HOLLAND.

Cumberland.    Opinion November 5, 1908.

*Indictment.    Motion to Quash.    Exceptions.*

1.  A motion to quash an indictment or complaint is addressed to the discretion of the court, and if overruled no exceptions can be allowed.

2.  The court has no occasion or duty to rule upon a plea in bar in a criminal case until it is traversed or demurred to.

On exceptions by defendant.    Dismissed.

The defendant was indicted at the January term, 1908, Superior Court, Cumberland County, for maintaining a liquor nuisance. He then filed the following motion to quash the indictment:  "And now the said William A. Holland, respondent in said case comes and moves that the said indictment be quashed for the following reasons, to wit:    Because an indictment for a liquor nuisance was found against him on the first Tuesday of May, A. D. 1904, that it was a valid indictment, the court has jurisdiction of the offense, the jury was empanelled and the defendant placed on trial and was then and there in jeopardy.    After a hearing on the said indictment the jury disagreed and at the September term of the Superior Court, A. D. 1904, said indictment as nol prossed by the State.    A copy of said indictment is hereto annexed and made a part of this motion. (Omitted in this report.)    Reference is hereby made to the records of this court in case No. 229 on this docket for the year, A. D. 1904.    The defendant further says that the present indictment covers a period from the first day of October, A. D. 1903 covering several months of the period covered by the prior indictment of 1904.    He says the offense in the prior indictment was the same as the offense alleged in the present indictment but that the period covered by the last indictment extends from October 1, 1903 to the first Tuesday of January, A. D. 1908.    Defendant says that under the provisions of our constitution he cannot again be placed in

jeopardy for the same cause. Wherefore the defendant asks that said indictment be quashed." The motion was overruled and the defendant excepted.

The case is stated in the opinion.

*Joseph E. F. Connolly*, County Attorney, for the State.

*Dennis A. Meaher*, for defendant.

Sitting: Emery, C. J., Whitehouse, Savage, Peabody, Spear, Bird, JJ.

Emery, C. J. The defendant was indicted for maintaining a liquor nuisance. He filed a motion to quash the indictment because of a former jeopardy. The facts relied upon to show the former jeopardy were set out in the written motion which concluded with the prayer "that said indictment be quashed." The court overruled the motion and the defendant excepted.

A motion to quash an indictment for any reason is addressed to the discretion of the court and exceptions do not lie to the overruling such a motion, since the defense stated therein may be made by plea, demurrer or motion in arrest of judgment. *State* v. *Stuart*, 23 Maine, 111; *State* v. *Hurley*, 54 Maine, 562.

If the motion filed in this case was intended for, or could be regarded, as a plea in bar, there was no question presented for the court to rule upon, since there was no demurrer to nor traverse of the plea. If a plea, the court had no occasion to rule upon its sufficiency until demurred to, nor to question its truth until traversed. The exceptions must be dismissed and the defendant left to interpose his defense by plea or demurrer.

*Exceptions dismissed.*